IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AYOTUNJI OLOWOFEYEKU, #358-207　　＊
　　　　　Plaintiff
　　v.　　　　　　　　　　　　　　　　＊　　CIVIL ACTION NO. WDQ-09-3051

SGT. PETRILL, et al.,　　　　　　　　＊
　　　　　Defendants
　　　　　　　　　　　　　　　　　　＊＊＊

## MEMORANDUM

Pending are a Motion to Dismiss or for Summary judgment filed by Defendants Sgt. Petrill, Capt. Snow and Cfc. Swailes (ECF No. 15) and the Plaintiff's response (ECF No. 17). No oral hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the following reasons, the motion will be granted.

## Background

In his supplemental complaint the plaintiff alleges that he was subjected to excessive force by detention center employees He states that on July 29, 2009, he was shot with a taser by Defendant Swailes. He alleges that Defendant Snow gave the order to tase him and Defendant Petrill opened the door so he could be tased. He alleges that Cpl. Green and Cpl. Otto videotaped the event and took pictures of his injuries.[1] ECF No. 3.

The uncontroverted evidence is that during Plaintiff's confinement at the Frederick County Adult Detention Center (FCADC) he was involved in a number of disciplinary incidents and was deemed to be a discipline problem. ECF No. 15, Exs. 1, 2 & 4. On July 29, 2009, Plaintiff was housed on segregation and assigned to a single cell, because of disciplinary violations. ECF No. 1 & ECF No. 15, Exs. 2 & 3. On that date, detention center officers were

---

[1] Green and Otto were not named as Defendants; had Plaintiff named them, his claims against them would be subject to dismissal.

advised by medical staff that Plaintiff had stated he wanted to kill himself. Based on this information, Petrill responded to Plaintiff's cell to transfer him to an observation cell.[2] Petrill, accompanied by Swailes, Bangh, Hannah and Green, advised Plaintiff that he would be moved. Three times Plaintiff was directed by Petrill to kneel down, place his hands behind his head, and cross his legs behind him. Plaintiff refused. When Bangh and Petrill attempted to open the door to the cell, Plaintiff resisted. The cell door was opened for Swailes to fire the taser at Plaintiff and disable him. ECF No. 15, Exs. 2, 3 & 7. Plaintiff admits that he refused the orders to submit to the removal from his cell. ECF No. 1.

After Plaintiff was subdued, Bangh placed handcuffs and Hannah placed leg irons on him. Plaintiff was removed from his cell and placed in a restraint chair. Heather Straitiff, LPN, examined him to insure that the restraints had been properly applied and removed the taser prongs from him. Although she saw that he had two small taser puncture marks, her examination of Plaintiff did not reveal any additional injury, and he did not complain of any other injury. ECF No. 15, Ex. 5. After removal of the taser prongs, Plaintiff was wheeled in the restraint chair to a holding unit where he remained in the chair until he agreed to be strip searched. He was searched and his clothes taken in compliance with detention center policy for inmates on suicide watch. ECF No. 15, Ex. 2 Affidavit and Attachments A-C.[3] and Exs. 3 & 7.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant

---

[2] FCADC policy for an inmate placed on suicide watch is that the inmate is moved to a cell where he can be observed. The inmate is strip searched and his clothes taken. The inmate is given a gown to wear and is checked every 15 minutes. ECF No. 15, Ex. 2.

[3] Attached to the dispostive motion as part of Exhibit 6 is a disc containing photographs of Plaintiff's injuries and video clips of the cell extraction. There is no indication that these exhibits were made available to Plaintiff. Accordingly, the Court has not reviewed them and has not relied on them.

2

is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

Analysis

Whether force was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived

by prison officials; and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U. S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. *See Wilkens v. Gaddy*, __ U.S. __, 130 S. Ct. 1175 (2010). The extent of injury incurred is one indication of whether the force used was necessary; if force is applied maliciously and sadistically, liability is not avoided simply because the prisoner escaped serious harm. *Wilkens,* 130 S. Ct. at 1177.

The parties agree that Plaintiff was tasered once because he refused to allow correctional officers to enter his cell. Defendants explain that the force used was minimal and was undertaken to keep the facility secure. ECF 15, Exs. 2, 3, & 7. Moreover, the force used was necessary in order to stop Plaintiff from possible self-harm, possibly suicide. The Plaintiff was given several opportunities to comply with lawful orders before the taser was used. He was immediately taken for medical removal of the taser prongs. *Id.* No injuries, other than the superficial injury caused by the taser prongs, were noted. *Id.*, Ex. 5. On these facts, no jury could find that excessive force was used.

## Conclusion

For the reasons stated above, Defendants' Motion for Summary Judgment will be granted.

_____6/23/11_____  
Date

_____  
William D. Quarles, Jr.  
United States District Judge

4